STATE v. JOHN OATES and another.

*Peace Warrant, proceedings under.*

1. A peace warrant is a criminal action prosecuted by the state, at the instance of an individual, to prevent an apprehended crime against his person or property, and is placed by the act of 1879, ch. 92, within the exclusive jurisdiction of a justice of the peace.

2. Where, in such case, the condition of a recognizance, in the sum of $300, was broken, *it was held* to be competent for the justice to declare the same to be forfeited and order it to be prosecuted in the court having jurisdiction of the penal sum. Bat. Rev., ch. 33, §§ 103, 106.

(*State* v. *Locust*, 63 N. C., 574, cited and approved).

MOTION to dismiss the proceeding for want of jurisdiction, heard at January Special Term, 1882, of SAMPSON Superior Court, before *McKoy, J.*

The defendant, Oates, was arrested in February, 1881, by virtue of a peace warrant issued by a justice of the peace, and upon an investigation of the matters charged therein, he was required to enter into a recognizance in the sum of three hundred dollars, with condition to keep the peace for six months towards all the citizens of the state, and especially towards William E. Stevens, the complainant, which recognizance was entered into with James H. Pugh, the other defendant, as surety.

On the 7th of November, 1881, a notice in the nature of a *scire facias* was issued by said justice to the sheriff,—reciting the

warrant, the order thereon, the recognizance, and the fact that on April 9th, and while the recognizance was in force, the defendant, Oates, had been convicted before one Hubbard, a justice of the peace, of an assault and battery upon one Washington Stevens,—commanding him to make known to the said Oates and Pugh, that they personally appear before him at his office in Clinton, on the 17th of November, 1881, then and there to show cause why the recognizance should not be declared to be forfeited.

The defendants failed to appear as required, and thereupon the recognizance was adjudged by the justice to be forfeited, and that it be prosecuted according to law. From this judgment the defendant appealed to the superior court. His Honor affirmed the ruling of the justice, and the defendants appealed to this court, assigning as grounds therefor that the justice had no jurisdiction of the action, because the bond was for a sum above two hundred dollars.

*Attorney-General* and *E. T. Boykin,* for the State.
No counsel for defendants.

ASHE, J. The defendants' appeal seems to be founded upon the idea that this was a civil action, and the jurisdiction of the justice was restricted by the constitution to two hundred dollars. That is so, if it is a civil action. The constitution gives to justices of the peace, under such regulations as the general assembly shall prescribe, jurisdiction of civil actions founded on contract, wherein the sum demanded shall not exceed two hundred dollars. Art. IV, § 27. But this is not a civil action. It is an action prosecuted by the state, at the instance of an individual, to prevent an apprehended crime against his person or property (Bat. Rev., ch. 17, § 5, sub.-sec. 2), and this provision of the Code has had a construction given it by this court in the case of *State* v. *Locust,* 63 N. C., 574, where it was held that a proceeding upon a peace warrant was a *criminal action.*

Actions by the Code are divided to two kinds—civil and criminal. A criminal action is, 1. An action prosecuted by the state, as a party, against a person charged with a public offence for the punishment thereof; and 2. An action prosecuted by the state, at the instance of an individual, to prevent an apprehended crime against his person or property. Every other is a civil action. Bat. Rev., ch. 17, § 6. The distinction between criminal actions is founded upon the difference, whether it is a proceeding for a public offence, in nature of an indictment for a misdemeanor, or to prevent (as this case for example) a threatened crime against a private person. In the former case, the constitution has restricted the jurisdiction of justices, by declaring that a justice should have jurisdiction of all criminal matters arising within their counties, where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. Art. IV, § 27. This provision was evidently intended to limit the jurisdiction of justices in criminal actions in nature of indictment, where final jurisdiction was given them. But we do not think it has any application to criminal actions of the second kind, which affect only private rights. This action is left by the constitution to be regulated by the legislature; and it has been regulated by the acts of 1868–'69, ch. 178, and of 1879, ch. 92. The latter act gives to justices of the peace exclusive original jurisdiction of peace warrants and proceedings thereunder, and contains no repealing clause. The former act provides that justices of the peace may take recognizances to keep the peace, in any sum not exceeding one thousand dollars, and prescribes the proceedings to be had to enforce the same. Those provisions of the act that are not inconsistent with the exclusive jurisdiction given by the act of 1879, are not repealed; therefore, sub-chapter 2, section 10 of the act (Bat. Rev., ch. 33, § 103) is still in force, which provides that "every person, who shall have entered into a recognizance to keep the peace, shall appear according to the obligation thereof; and if he fail to appear, the

court shall forfeit his recognizance and order it to be prosecuted, unless reasonable excuse for his default be given."

The justice of the peace, in the case before us, has strictly followed this provision of the statute. The recognizance imposed upon the defendants the duty to appear before the justice and show cause whenever he should notify them to appear before him to answer the alleged breach of the conditions of the recognizance, and in default thereof, the law required the justice to declare the forfeiture.

There is no error. Let this be certified to the superior court of Sampson county, that that court may certify to the justice's court to the end that the case may be proceeded with according to law.

No error.                                    Affirmed.