## EX PARTE SIE GARNER.

No. 7503.   Decided December 20, 1922.

**1.—Keeping Peace—Justice of the Peace—Statutes Construed—Habeas Corpus—Trial by Jury—Common Law.**

Under Articles 120 and 125, et seq., where one threatens to take the life of another and is brought before the justice of the peace, his constitutional right of a trial by jury is not violated, as the legislature intended to confer upon the magistrate authority to make the decision.   Distinguishing Ex parte Muckenfuss, 52 Texas Crim. Rep., 465; besides, this was the common-law remedy long before the Constitution was adopted.   Following Ex parte Allison, 99 Texas, 462.

**2.—Same—Validity of Statute—Commitment—Practice on Appeal.**

The statute involved is not invalid.   It may be, however, that this question is not involved or at least that it is not necessary that it be decided in order to dispose of the matter in hand, as the relator could not be lawfully held under the commitment.   It is therefore directed by this court, inasmuch as the relator cannot be discharged, that he be remanded for further proceedings in accordance with the law.

Appeal from the District Court of Bexar.   Tried below before the Honorable S. G. Tayloe.

Appeal from a habeas corpus proceedings, under a commitment from a justice of the peace.

The opinion states the case.

*Oliver W. Johnson,* for appellant.—Cited Arnold v. State, 92 Indiana, 187; State v. Saunders, 69 S. W. Rep., 272; State v. Dismuke, 49 S. W. Rep., 756.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The relator sought in the District Court to be released by way of writ of habeas corpus from restraint under a commitment issued by Justice of the Peace in these words:

"YOU ARE HEREBY COMMANDED, That you take in custody and commit to the jail of your County, Sie Garner, charged with making threats, on which charge he has this day by me been committed, and him safely keep unless he gives good and sufficient peace bond in the sum of Two Hundred ($200.00) Dollars."

The statutory authority of magistrates upon the subject of requiring security to keep the peace is found in Title 3, Code of Crim. Procedure.   Art. 120 of that Code declares that one who threatens to take the life of another may be brought before a magistrate and may be compelled to give security to keep the peace or committed into custody in default thereof.   Article 124 provides that upon the filing of the affidavit charging the threat, a warrant may be issued bringing the accused before the magistrate.   In Article 125, the following language is found:

"When the person accused has been brought before the magistrate he shall hear proof as to the accusation, and, *if he be satisfied that there is just reason to apprehend that the offense was intended to be committed, or that the threat was seriously made, he shall make an order that the accused enter into bond* in such sum as he may in his discretion require, conditioned that he will not commit such offense, and that he will keep the peace toward the person threatened or about to be injured, and toward all others for one year from the date of such bond."

Article 132 of the Code declares that "if the *magistrate* be of the *opinion* that from the evidence there is no good reason to believe that the offense was intended or will be committed, or that no serious threat was made by the defendant, he shall be discharged."

The relator insists that his demand for a jury having been denied, his detention offends against the constitutional provision requiring that the right of trial by jury "shall remain inviolate." It is clear that in enacting the statute, Article 125, supra, the Legislature intended to confer upon the magistrate the power to make the decision. The language of the statute will bear no other interpretation. Relator contends, however, that the Statute is void because it denies him the right of trial by jury. Attention has been directed to only one case in this State upon the subject, namely, Ex parte Muckenfuss, 52 Texas Crim. Rep., 467. In that case, while definite opinion upon the subject is reserved, the intimation is given that the statute is valid. Bond is not required as punishment for the offense but is intended to prevent the commission of a crime. Proceedings of this character are generally regarded in the nature of criminal proceedings. Corpus Juris, Vol. 9, p. 393, sec. 21, notes 17 & 18. In some states they are held to be criminal. See Cyc. of Pleading and Practice, Vol. 3, p. 680; Davis v. State, 138 Ind., 13; State v. Oates, 88 N. C., 668; Ford v. State, 96 Miss. 85; Arnold v. State, 92 Ind. 187. In South Carolina, there is a provision in the State Constitution expressly conferring upon the magistrate the power to bind one over to keep the peace, and the statute in accord therewith is held valid. State v. Garlington, 56 S. C., 413. Inasmuch as the right of trial by jury is guaranteed by both the Federal and State Constitutions, this decision would indicate that the power might legally be conferred upon the magistrate. Moreover, we understand that at common law the power to require security to keep the peace and in default thereof to detain the offender was a power exerted by the magistrates without the intervention of a jury. Cyc. of Law & Proc., Vol. 5, p. 1032. In this State, it has been held that the provision in the Constitution upon the subject relates to the right of trial by jury at the time the Constitution was adopted. See Ex parte Allison, 99 Texas, 462; Ex parte Allison, 48 Texas Crim. Rep., 634; Harris' Texas Const., p. 134, note 14.

With the information at our command, we express the view

that the statute in question was not invalid. It may be, however, that this question is not involved; at least, that it is not necessary that it be decided in order to dispose of the matter at hand. From the statement of facts, it appears that the only evidence introduced were the affidavit, the warrant for the arrest and its return, and the commitment which we have quoted above. Upon this evidence, the relator could not be lawfully held for the reason that it is not shown that the inquiry and judgment described in Article 125, supra, had been entered against him; nor can this be inferred from the commitment for the reason that in the commitment, it is directed that he be kept in custody unless he gives a peace bond. The statute does not confer upon the magistrate the jurisdiction to make such an order but declares that:

"If the defendant fail or refuse to give bond, he shall be committed to the jail of the county, or if there be no jail, to the custody of the sheriff, for the period of one year from the date of the first order requiring such bond." (Art. 130, C. C. P.)

The invalid commitment does not necessarily justify the discharge of relator. This because of the expressed statement in Art. 205, Code of Crim. Procedure.

In view of the complaint and warrant which was issued for the arrest of the relator, it is not deemed proper to order him discharged. In the state in which the record is found, it is regarded as coming within the purview of Art. 206 of the Code of Crim. Procedure which forbids the discharge of a prisoner where there is reason to believe that there is probable cause for his detention. See also Art. 207, Code of Crim. Procedure.

It is accordingly ordered that the judgment be reversed and the cause remanded for further proceedings in accord with the law and this opinion.

*Reversed and remanded with instructions.*