A. G. FILE No: 0-35-78

725



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. 0-3578
Re: Proceedings before magis-
trates to prevent offenses --
postponement of hearings --
appearance bond pending such
hearing

From your letter of recent date requesting our opinion, we quote the following statement of facts:

"(1) Acting under Art. 79 et seq., CCP., A.B., a Deputy Sheriff, filed a complaint upon information and belief, according to Willson's Criminal Form No. 1070 (& Note 3 thereunder), against C.D., a woman, charging that she had seriously threatened to commit an offense against E.F., towit, the offense of murder; (2) Warrant for Arrest of C.D. was immediately issued by a proper Magistrate, and placed in the hands of A.B., the Deputy Sheriff; and C.D. was apprehended under the Warrant; (3) Although the State was ready therefor, it did not insist upon an immediate hearing on the complaint, and instead of holding an immediate hearing after the apprehension of C.D., the Magistrate acting on the suggestion of myself as County Attorney, postponed the hearing for one month, in order to allow C.D. reasonable 'cooling time', and at the same time try to conserve the peace; and C.D. made an Appearance Bond to answer such complaint upon the expiration of said one month's time; (4) After making the Appearance Bond, C.D.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable P. W. Minter, page 2

employed an Attorney who now contends that the
Magistrate was without authority under the law
to postpone the hearing, but it was compulsory
upon him to immediately proceed with such hear-
ing; while I, as County Attorney, contend that it
was within the power of the Magistrate to postpone
the hearing, and it was not compulsory upon him
to immediately proceed therewith."

You submit the following questions for our determina-
tion:

"1.  Where in the judgment of the Magis-
trate it tends to lessen hardship on the Defen-
dant, may the Magistrate of his own accord post-
pone a hearing on a Peace Bond charge, after
the Defendant is brought before him?

"2.  May the Magistrate postpone such hear-
ing upon the application of either the State or
the Defendant?

"3.  Is the Defendant entitled to make an
Appearance Bond pending postponement of such hear-
ing?"

The proceedings authorized by Title 3, Chapter 3 of
the Code of Criminal Procedure (Articles 79, et seq., C.C.P.)
are unusual in many respects and extraordinary in character.
Although it has been said that such proceedings are "generally
regarded in the nature of criminal proceedings," (Ex parte
Garner, 93 Tex. Cr. R. 179, 246 S.W. 371; 7 Tex. Jur. 326), there
is no provision for a trial by jury (Ex parte Garner, supra);
nor is there appeal from the order of a magistrate requiring a
peace bond.  See Ex parte Wilkinson, 102 Tex. Cr. R. 336, 278
S.W. 426.

Habeas corpus is the only remedy to obtain release
from custody of one in default of making the bond, once it has
been fixed.  The amount of the bond rests largely within the
magistrate's discretion, and will not be disturbed by a court
hearing the writ of habeas corpus unless the magistrate abused

his discretion. Ex parte Blackmon, (Tex. Cr. A.) 112 S.W. (2d) 739. But such a court will determine whether the judgment of the magistrate was authorized under the facts, and if the evidence is deemed insufficient, the relator should be discharged. Ex parte Allen, 113 Tex. Cr. R. 73, 19 S.W. (2d) 58; Ex parte Wilkinson, supra; Ex parte Montez, 134 Tex. Cr. R. 315, 115 S.W. (2d) 912.

We have been unable, after diligent search, to find any case bearing upon the question you submit. Reference to the statutes does not disclose any provision for bond pending the hearing, the four pertinent articles of the Code of Criminal Procedure reading as follows:

"Article 79. Shall issue warrant

"Whenever a magistrate is informed upon oath that an offense is about to be committed against the person or property of the informant, or of another, or that any person has threatened to commit an offense, it is his duty immediately to issue a warrant for the arrest of the accused, that he may be brought before such magistrate or before some other named in the warrant."

"Article 80. Accused brought before magistrate

"When the accused has been brought before the magistrate, he shall hear proof as to the accusation, and, if he be satisfied that there is just reason to apprehend that the offense was intended to be committed, or that the threat was seriously made, he shall make an order that the accused enter into bond in such sum as he may in his discretion require, conditioned that he will not commit such offense, and that he will keep the peace toward the person threatened or about to be injured, and toward all others for one year from the date of such bond."

"Article 85. Failure to give bond

"If the defendant fail to give bond, he shall be committed to jail for one year from the date of the first order requiring such bond."

Honorable P. W. Minter, page 4

"Article 87. May discharge defendant

"If the magistrate believes from the evi-
dence that there is no good reason to apprehend
that the offense was intended or will be commit-
ted, or that no serious threat was made by the
defendant, he shall discharge the accused, and
may, in his discretion, tax the cost of the pro-
ceeding against the party making the complaint."

It seems to us that the above statutes contemplate
an immediate hearing upon the complaint. From a reading of
the cases cited above, it is clear that one may not be proper-
ly placed under a peace bond (or confined in jail for failure
to make the bond) until after the hearing provided by Article
80, at which hearing the evidence must show either that an of-
fense is about to be committed against the person or property
of another, or has seriously threatened to commit such an of-
fense. Until this hearing is held, what restrictions may be
lawfully imposed upon the person accused? He is not charged
with a substantive offense, but with being "about" to commit
such; or with having "threatened" to commit one. In the state-
ment of facts you submit, it is probable the proof would sus-
tain a substantive offense. See Article 1265, Penal Code,
"Seriously threatening life." The purpose of Articles 79, et
seq., Code of Criminal Procedure is to prevent offenses, not
to punish for offenses after the commission thereof. 8 Am.
Jur. 842, Sec. 19, et seq.

By both the constitutional and statutory provisions
it is declared:

"All prisoners shall be bailable by suffi-
cient sureties, unless for capital offenses, when
the proof is evident; but this provision shall
not be construed as to prevent bail after in-
dictment found upon examination of the evidence,
in such manner as may be prescribed by law."
(Constitution of Texas, Art. 1, Sec. 11; C.C.P.
1925, Art. 5)

The general rules as to bail are to be found in Chap-
ter 4, Title 5 of the Code of Criminal Procedure.

Honorable P. W. Minter, page 5


Article 267 defines "bail" as "the security given by the accused that he will appear and answer before the proper court the accusation brought against him." Article 269 defines a "bail bond" as an undertaking entered into for the appearance of the principal "before some court or magistrate to answer a <u>criminal accusation</u>." Article 273 prescribes the requisites of a bail bond, one of which is that the obligors bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him. Article 274 is quoted in full:

> "Article 274. Rules applicable to all cases of bail
>
> "The rules in this chapter respecting recognizances and bail bonds are applicable to all such undertakings when entered into in the course of a <u>criminal action</u>, whether before or after an indictment, in every case where authority is given to any court, judge, magistrate or other officer, to require bail of a person <u>accused of an offense</u>, or of a witness in a <u>criminal action</u>." (Underscoring ours)

The answer to your first question is that there is no authority, statutory or otherwise, for the magistrate to postpone a hearing on a peace bond charge because in his judgment it "tends to lessen hardship on the defendant." It is our opinion that the statutes contemplate an immediate hearing because of the extraordinary character of the proceedings. Certainly both the State and accused should be afforded reasonable opportunity to procure witnesses and otherwise prepare for orderly presentation of the facts. Nevertheless, the object of this nature of proceeding is to prevent seriously threatened offenses.

For the same reasons, your second question should also be answered in the negative. It is contemplated that the hearing shall proceed with dispatch to attain the objects of the statutes, the prevention of a contemplated or seriously threatened crime. The provisions of the Code of Criminal Procedure (Articles 538, C.C.P., et seq.) have no application in this character of proceeding.

Honorable P. W. Minter, page 6

Your third question is answered in the negative. In the statutes hereinabove cited and quoted, it is clear that the words "criminal accusation," "criminal action," and "accused of an offense" signify the intention of the Legislature that these articles apply to persons charged with the actual commission of substantive offenses. Although the term "all prisoners" is used in the Constitution, we agree with the statement of the text in Texas Jurisprudence (5 Tex. Jur. 812), "it is evident that the provision was meant, not to require all prisoners in all circumstances to be bailed, but to refer to a class of prisoners." See Ex parte Esell, 40 Tex. 451, 19 Am. Rep. 32; Ex parte Erven, 7 Tex. Cr. App. 288.

Trusting that the above satisfactorily answers your questions, we are

APPROVED JUN 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall

Benjamin Woodall
Assistant

BW:db