

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 7, 1945

Hon. Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Attention: Mr. Robert M. Siles

Dear Sir:

Opinion No. O-6661
Re: In a peace bond proceed-
ing, where the accused
has been placed under
bond, is the Justice of
Peace, as magistrate, en-
titled to fees as in crim-
inal cases? And, related
questions.

We acknowledge receipt of your letter in which you request the opinion of this department on the following questions:

"(1) In a peace bond proceeding, before a magistrate, under Arts. 79 and 80, C. C. P., where the accused has been placed under a bond after a hearing, makes the bond required by the court, and pays the costs of such proceeding to the County, is the Justice of the Peace entitled to fees as any other criminal case, or is he entitled to fees as in civil cases?

"(2) In a similar case as Number 1 above, except where the accused has failed to make bond and pay costs, and is placed in jail, is the Justice of the Peace entitled to any fees?

"(3) In the fact situation of Number 2 above, are the other officers entitled to half cost if he serves the time in jail?

"(4)  In the event a person legally placed
under a peace bond after a hearing
before a magistrate, and he fails to
make such bond, does the Justice of
the Peace have authority to revoke
said order and release the defendant;
and if not, is there any remedy where-
by he may obtain his release without
making the bond?"

By virtue of Article 33, V. A. C. C. P., a Justice of
the Peace is ex-officio a magistrate. When the Justice of the
Peace sits as a magistrate, his powers and jurisdiction are
those singly of a magistrate and exclusive of his office as
Justice of the Peace. Brown v. State (Ct. Crim. App. 1909),55
Crim. Rep. 572, 118 S. W. 139,143.

A peace bond proceeding is before a magistrate and
the proceeding is "generally regarded in the nature of criminal
proceedings". Ex parte Garner (Ct. Crim. App. 1922),246 S. W.
371, 372, citing cases in other states holding such proceedings
criminal. In sustenance of this opinion we find provision for
such proceedings in our Code of Criminal Procedure and reference
therein to the "charge" as against the "accused".

We must look therefore to the Code of Criminal Proced-
ure for provision as to the amount of fees in such case for the
magistrate.

Articles 1052 and 1074, V. A. C. S., provide, in part,
as follows:

"Art. 1052. Three Dollars shall be paid by the
county to the County Judge, or Judge of the Court at
Law, and Two Dollars and fifty cents shall be paid by
the county to the Justice of the Peace, for each crim-
inal action tried and finally disposed of before him.
Provided, however, that in all counties having a popu-
lation of 20,ooo or less, the Justice of the Peace
shall receive a trial fee of Three Dollars. Such Judge
or Justice shall present to the Commissioners' Court
of his county at a regular term therof, a written ac-
count specifying each criminal action in which he
claims such fee, certified by such Judge or Justice to
be correct, and filed with the County Clerk. . . ."

"Art. 1074. In each case of conviction in a County Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

It is evident that these Articles provide fees for a Justice of the Peace as a Justice of the Peace and not in any other character or office.

Taking another view, Article 1052, supra, provides fees only for each "criminal action" tried and finally disposed of before the Justice of the Peace. Article 24, V. A. P. C., defines "criminal action" as "the whole or any part of the procedure which the law provides for bringing offenders to justice". Art. 90, V. A. C. C. P. , provides that if it appears to the magistrate that defendant has committed a "criminal offense" the same proceedings shall be had as in other cases where parties are charged with crime.

We think it clear that there cannot be an "offender" until there is an offense. If an offense has been committed, the proceedings then shall be had as in other cases where parties are charged with crime. We therefore conclude that a requirement of peace bond by a magistrate is not a "criminal action" as contemplated in Article 1052, supra. It is our further conclusion that a requirement of peace bond is not a "conviction" as contemplated by the Legislature in Article 1074, supra, for the reason that there cannot be a "conviction" unless there has been an offense.

We think it significant that specific provision is made defining fees for a Justice of the Peace when sitting as an examining court (Art. 1020, V. A. C. C. P. ), wherein the Justice sits as a magistrate and not as a Justice of the Peace. Brown v. State, supra, p. 142.

Hon. Sam B. Hall, page 4 (O-6661

        In answer to your first question, it is our opinion
that the Legislature has failed to provide compensation or fees
for a Justice of the Peace sitting as a magistrate in a peace
bond proceeding, for it is well established that "to entitle
an officer to receive fees or commissions, the receipt thereof
must have been provided and the amount fixed by law." 34 Tex.
Juris. page 522, with numerous cases cited.  This principle is
concrete in foundation for a fee is essentially a creature of
statute, and we cannot improvise analogy or by implication
(McCalls v. City of Rockdale, et al, Com. App. 1922, 246 S. W.
654,655), for in so doing we would be in usurpation of a power
conferred upon the Legislature by Article 3, Section 44 of our
Texas Constitution.

        Our statutes having failed to fix the amount of fees,
"until the Legislature does so, neither the courts nor interested
party, nor any officer of the government can fix it."  State of
Texas v. Moore (Sup. Ct. 1882),57 Tex. 307,321.

        This being our answer to your first question, it
follows that your second question is answered in the negative
by reason of like failure of provision for fees.

        With reference to your third question, since in a
peace bond proceeding there is no provision for "fine" nor
is a peace bond requirement a "misdemeanor", Article 1055,
V. A. C. C. P. , which provides for half fees to other officers
and to which you refer, is in our opinion inapplicable.  Your
third question is accordingly answered in the negative.

        Article 85, V. A. C. C. P. ,provides that if the defend-
ant fails to give bond "he shall be committed to jail for one year
from the date of the first order requiring such bond."  (Emphasis
ours).

        As hereinbefore stated, a Justice of the Peace sits
as a magistrate and not as a Justice of the Peace in a peace
bond proceeding.  We know of no statute authorizing a magistrate
in a peace bond proceeding to revoke his order once it is made.
The statute in wording commands that the defendant be committed.
There is no discretion resting in the magistrate.

        Therefore, in answer to your fourth question, it is our
opinion that the only remedy whereby the defendant may obtain his

Hon. Sam B. Hall, page 5 (0-6661)


release is by writ of habeas corpus. Ex parte Wilkinson (Ct. Crim. App. 1925),278 S. W. 426, 427; Ex parte Salamy (Ct. Crim. App. 1941),147 S. W. (2d) 487.

                                    Yours very truly,
                               ATTORNEY GENERAL OF TEXAS


                          By    s/Elton M. Hyder, Jr.
                                 Elton M. Hyder, Jr.
                                      Assistant

EMH:rt:aa

APPROVED AUGUST 7, 1945
s/Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman