**Ex parte Cecil JOHNSON, Appellant.**

**No. 38398.**

Court of Criminal Appeals of Texas.

June 9, 1965.

See also Tex.Cr.App., 391 S.W.2d 409.

———◆———

Saul W. Baernstein (on appeal), Dallas, for appellant.

Alford H. Flanagan, Dist. Atty., Tully R. Florey, III, County Atty., Mount Pleasant, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order of the District Court of Titus County wherein the trial court denied an application for writ of habeas corpus to discharge the appellant from a peace bond which was required and set after a hearing on a complaint in the justice court.

The complaint before the magistrate was as follows:

"I, Traylor Russell, do solemnly swear that I have good reason to believe, and do believe, *that Cecil Johnson is about to commit an offense against my person to-wit*:

On the 11th day of February, 1965 the said Cecil Johnson threatened to shoot Traylor Russell with a 38-special pistol, and came to the office of Traylor Russell in the City of Mt. Pleasant for said purpose against the peace and dignity of the state."

His order requiring a peace bond reads:

"THIS DAY, this cause, wherein the said Cecil Johnson is charged with threatening to commit an offense against Traylor Russell by shooting him, came on to be heard before me, and the said Cecil Johnson being present, both parties announced ready for trial, and having heard the proof as to the accusation filed herein, I am satisfied therefrom that there is just reason to apprehend that the offense, to-wit:

'On the 11th day of February, 1965 the said Cecil Johnson threatened to shoot Traylor Russell with a 38-special pistol, and came to the office of Traylor Russell in the City of Mt. Pleasant for said purpose against the peace and dignity of the state.'

was intended to be committed by the said Cecil Johnson.

I, therefore, order that the said Cecil Johnson enter into bond in the sum of $5,000, conditioned that he will not commit such offense, and that he will keep the peace toward the said Traylor Russell and toward all others for the period of one (1) year from the date of such bond, and upon failure to give such bond the said Defendant Cecil Johnson is committed to the custody of the Sheriff of Titus County, Texas who will forthwith commit him to the jail of said county, there to be safely kept for the period of one (1) year from this date or until he shall give such bond. And I further ORDER and ADJUDGE that the State of Texas do have and recover of the Defendant Cecil Johnson the costs of this proceeding, for which execution will issue."

An attorney was appointed to represent the appellant at the hearing of the application for the writ in the district court.

At the hearing the state introduced the order of the justice of the peace, sitting as a magistrate, requiring the appellant to make a $5,000 peace bond, and also the complaint, arrest warrant, and order of commitment, which appear to be regular and sufficient.

The testimony of the state at the hearing on the writ reveals the following: The appellant was served with a citation issued in a suit filed against him. While carrying a loaded .38 pistol, he stated that he was going to the office of Traylor Russell and kill him and was going to "put a bullet between his eyes"; that when the appellant entered the reception room of Traylor Russell's office with the pistol, force was used to get him (appellant) out. Shortly thereafter the appellant was arrested on a warrant issued on a complaint filed in the justice court alleging that he threatened to shoot Traylor Russell with a .38 pistol and went to his office for that purpose. Upon a hearing on the complaint the next morning, the justice of the peace, sitting as a magistrate, entered an order requiring appellant to make a peace bond.

The appellant testified that after being served with a citation by an officer, he went to the office of Traylor Russell carrying a .38 pistol, for the purpose of "straightening this whole mess out once and for all", and if Traylor Russell attacked him he was going to shoot him; that at the insistence of a person who entered the office with him, he left and shortly thereafter stopped at a nearby store and placed the pistol under a counter. He further testified that he had no desire to kill Traylor Russell.

 From the record, it is concluded that the court was authorized to find that the appellant, on February 11, 1965, threatened to shoot Traylor Russell with a pistol and went to his office for that purpose and that there was just reason to apprehend that he seriously intended to commit said offense. Art. 80, C.C.P.

Further, upon a consideration of all the evidence, we conclude that the court did not abuse its discretion in ordering that the appellant be retained and confined in jail until he enters into a $5,000 bond to keep the peace, as provided by Art. 85, C.C.P.

 The order of the magistrate, after a hearing before him that the appellant be confined in jail unless he made a $5,000 peace bond does not offend against the constitutional provision of the right of trial by jury, as the appellant contends. Ex parte Garner, 93 Tex.Cr.R. 179, 246 S.W. 371.

No error appears in the proceedings, therefore, the appellant is remanded as ordered in the court's judgment requiring him to give bond or be confined in jail.

The judgment is affirmed.

Opinion approved by the Court.