ISIAH DABNEY v. THE STATE.

No. 15982. Delivered April 12, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 451.

The opinion states the case.

*Paul Petty,* of Ballinger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of chickens is the offense; penalty assessed at confinement in the county jail for a period of sixty days.

Upon the reading of the indictment, the appellant entered a plea of guilty and waived the right of trial by a jury. The waiver complies with the demands of Chapter 43, Acts of 42d Legislature, creating article 10a, C. C. P., in which provision is made for the waiver of the right of trial by jury in certain cases.

The sole question before the court in this appeal is whether the act of the Legislature mentioned conflicts with the Constitution of the State. The question has been specifically answered in favor of the validity of the statute in the opinion of this court in the case of McMillan v. State, 57 S. W. (2d) 125.

Upon the reasons and authorities there stated, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The opinion in this case was predicated on McMillan v. State, 57 S. W. (2d) 125. Appellant urges that the conclusion reached in the latter case was wrong in that the court failed to take note of section 10, article 1 of the State Constitution, which reads, in part: "In all criminal prosecutions, the accused shall have a speedy public trial *by an impartial jury.*" Appellant admits that section 15 of article 1 of the Constitution makes a jury trial a *"right"* which might be waived if it were not for section 10 of said article, which appellant urges is an absolute requirement of trial by jury in all criminal prosecutions. If appellant is right, then all legislative acts permitting a waiver of jury in misdemeanor cases are void, as being in conflict with the constitutional provision of section 10. We are not in accord with appellant's position. Sections 10 and 15 must be considered together as was done in Moore v. State, 22 Texas App., 117. The conclusion there reached is not in accord with appellant's contention. We regard the opinion in that case as direct authority supporting our conclusion in McMillan v. State (supra).

The motion for rehearing is overruled.

*Overruled.*