**Archie Lee GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41546.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

Harold B. Jones, Midland, for appellant.

James A. Mashburn, Dist. Atty., Midland, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, enhanced by two prior convictions for a felony less than capital, life.

Two grounds of error are set forth in appellant's brief.

Ground No. 1 complains that the trial judge abused his discretion in not considering appellant's challenge for cause to the Juror Opal Dunn, who stated on her voir dire examination that she was the wife of a member of the Texas Department of Public Safety, one of whose chemists was a state's witness.

The challenge was not made until the jury had been selected and sworn.

▮ The fact that the juror was the wife of an officer of the Texas Department of Public Safety was not cause for challenge.

▮ The record does not reflect that appellant exhausted his peremptory challenges or that he voiced any objection to Mrs. Dunn as a juror prior to the jury being sworn.

Ground of error No. 1 is without merit for each of the reasons stated.

Trial was before a jury on a plea of not guilty after the effective date of the amendment of Art. 37.07, Vernon's Ann.C.C.P. by the 60th Legislature.[1]

The jury having found appellant guilty, appellant for the first time requested that the same jury assess the punishment. The attorney for the state declined to consent and the request was denied under authority of Art. 37.07, Sec. 2(b), V.A.C.C.P., which provides in part:

"If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

Ground of error No. 2 attacks the contitutionality of Art. 37.07 as amended, the contention being that it is vague and has a discriminatory clause inasmuch as said clause places too much discretionary power in the state's attorney in regulating the possible sentence. It is further contended that the 1967 revision of Art. 37.07, supra, denied appellant due process of law.

1. Acts of the 60th Legislature (1967) p. 1739.

Art. 37.07 allows the defendant, not the state, to elect to have the punishment assessed by the jury. The statute requires that the election be in writing and be made at the time the plea of not guilty is entered in open court. The only "discretionary power" given the attorney representing the state is whether he will consent to a change of appellant's election as to who will assess the punishment after the jury's finding of guilty.

The constitutionality of Art. 37.07 C.C.P., 1965, was upheld by this court in Ashworth v. State, Tex.Cr.App., 418 S.W. 2d 668, and Jones v. State, Tex.Cr.App., 416 S.W.2d 412. The requirement of the amended Art. 37.07 V.A.C.C.P., that the election be made in writing at the time the plea is entered in open court rather than "upon the return of a finding of guilty," as provided in the 1965 statute, was within the latitude allowed the state in regulating jury trials in criminal cases without violating the due process clause of the Constitution of the United States. See Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, cited by Judge Dice in Ashworth v. State, supra.

The judgment is affirmed.