Robert Chester GALLOWAY, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 3-2649.

United States District Court
N. D. Texas,
Dallas Division.

Feb. 10, 1969.

Fred Time, Dallas, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Texas, and Robert C. Flowers and Howard M. Fender, Asst. Attys. Gen., for State of Texas.

HUGHES, District Judge.

This cause came on for hearing on the 10th day of February, 1969 and the Court after considering the record, the brief of Petitioner, oral argument of

counsel, enters the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. This is a habeas corpus proceeding in which the Petitioner, Robert Chester Galloway, seeks release from confinement in the Texas Department of Corrections under a final conviction in a felony case.

2. On June 20, 1968 Petitioner applied to this Court for a writ of habeas corpus and the State answered on July 22, 1968.

3. Prior to June 20, 1968 Petitioner, alleging substantially identical grounds, applied for a writ of habeas corpus in the Criminal District Court of Dallas County, Texas. The trial judge denied the petition without a hearing and without findings of fact and conclusions of law. The Texas Court of Criminal Appeals examined the record and denied relief without written opinion.

4. There are no material factual issues.

5. In its answer the State admits the following facts alleged in Petitioner's application:

Petitioner was convicted on June 23, 1966 in the Criminal District Court of Dallas County of the offense of murder with malice. His punishment was assessed by the jury at twenty years confinement in the Texas Department of Corrections. On May 25, 1966 at a prior trial under the same indictment, Petitioner was found guilty of murder without malice but the jury deadlocked on the subject of punishment. The judge with the consent of Petitioner's counsel discharged the jury after three hours deliberation on the subject of punishment.

6. Petitioner's attorney and the State's attorney appeared at a pretrial conference in this cause held on September 17, 1968. At the proceeding Petitioner's attorney introduced into evidence an affidavit signed by Petitioner, in which Petitioner swore among other things that he had not agreed to the discharge of the jury in his first trial. At this same hearing Petitioner's attorney introduced several exhibits and his personal affidavit which together evidenced that a Statement of Facts of Petitioner's first trial had been prepared for inclusion in the record on appeal to the Court of Criminal Appeals but was lost or misplaced before it was received by that Court.

7. At the hearing on September 17, 1968 the court requested the State's attorney to reply to Petitioner's brief by October 15, 1968. The State's attorney was thereafter granted numerous extensions until January 20, 1969, the Court was advised by letter that his office had suspended work on the brief and chose to rely instead on a recent opinion by the Texas Court of Criminal Appeals, Welcome v. State, 438 S.W.2d 99, (Delivered January 8, 1969), which opinion was felt to be dispositive of the case. (*Welcome* cited with approval earlier Texas decisions holding that murder with malice and murder without malice are not separate offenses).

8. Petitioner contends:

(1) He was denied due process of law as required by the fourteenth amendment of the United States Constitution because a full and complete transcript of all proceedings was not before the Court of Criminal Appeals.

(2) His retrial and conviction for murder with malice unconstitutionally subjected him to double jeopardy in violation of the fourteenth amendment. Petitioner is actually asserting two separate double jeopardy arguments:

(a) That he could not constitutionally be retried and convicted for the offense of murder with malice following the failure of the first jury to convict him of that offense; and

(b) That he could not constitutionally be retried for the offense of murder with malice or any lesser offense for which he could have been convicted under the indictment charging murder with malice, because the trial judge abused his discretion in declaring a mistrial without Petitioner's consent after only three hours of deliberation on the issue of punishment.

### Conclusions of Law

1. Since there are no material factual disputes, there is no need for an evidentiary hearing in this cause.

2. Petitioner was not, *ipso facto*, deprived of any of his constitutional rights because the Court of Criminal Appeals did not have before it the transcript of his first trial.

3. The trial judge did not abuse his discretion by declaring a mistrial without Petitioner's consent after the first jury had deliberated approximately three hours on the punishment for murder without malice. (Therefore, it is not necessary to decide whether the rule of Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, applies to the States or whether Petitioner waived this particular jeopardy defense.)

4. The Due Process Clause of the fourteenth amendment bars state reprosecutions for the same offense if such procedure is fundamentally unfair. United States, ex rel. Hetenyi v. Wilkins, 2d Cir.1965, 348 F.2d 844.

5. It is fundamentally unfair according to present day values to allow the State (federal or local) in effect two chances to convict an accused of the same offense. See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199 (1957) and *Wilkins, supra*.

6. Although Petitioner was not actually acquitted of murder with malice, the original jury clearly refused to convict him of that offense when it returned a verdict of murder without malice following a full trial.

7. The subsequent failure of the original jury to agree on a penalty for murder without malice is irrelevant to the fact that it failed to convict Petitioner of murder with malice following a full trial.

8. The legitimate state interests can be fully protected by permitting Petitioner to be retried on an indictment charging no offense greater than murder without malice.

9. Murder with malice and murder without malice are not comprised of the same elements of proof and therefore are separate offenses for purposes of the application of federal constitutional standards.

10. Texas was constitutionally forbidden to reprosecute Petitioner for murder with malice and to the extent that Article 37.07(2) (d) of the Vernon's Ann.Texas Code of Criminal Procedure authorizes such a reprosecution, it is inconsistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

11. Petitioner has been deprived of his liberty without due process of law, and therefore he is being held in custody in violation of the United States Constitution.

It is therefore, ordered that the petition of Robert Chester Galloway for a writ of habeas corpus is granted and that he be released from custody unless within 60 days Texas affords him a new trial that conforms to the principles set forth above.