Lawrence J. HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44355.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Rehearing Denied Feb. 16, 1972.

Phill R. Pickett, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles E. Campion, R. Norvell Graham and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life imprisonment.

The record reflects that, at approximately 1:00 P.M. on June 10, 1970, two men were observed removing a television set from the residence of Fred Ampelas in San Antonio. A neighbor, who watched them place the television in the trunk of a car and drive away, notified the San Antonio Police and furnished the description and license number of the car. Approximately one hour later, Officer Gehrlein of the San Antonio Police Department stopped a car which matched that description and bore that license number. Appellant was the driver of the vehicle and Sherman Lee Arch was a passenger. Visible in the partially opened trunk was a television set. Ampelas identified that television as being his property and testified that he gave no one permission to break into his home or to remove any property from his home.

Appellant's defense was that he thought he was helping Arch pick up a T.V. set which had been given to Arch's wife by one of her employers. He testified that he did not steal the television or know that it was stolen.

At his trial, appellant called Arch. Arch, whose case had not yet been tried, invoked his privilege against self-incrimination. Appellant now contends that the prosecution coerced Arch into asserting such privilege.

· At the hearing on appellant's motion for new trial, Robert Graham, an Assistant Criminal District Attorney for Bexar

County, testified that he talked briefly to Arch prior to Arch's being called to testify. The conversation lasted for about a minute. Graham testified that he "was a little upset that a man had been hoisted over from Bexar County Jail in the absence of his attorney." Graham told Arch that Arch's attorney should be consulted before Arch confessed on the stand. Graham also testified that he told Arch's attorney "that if his client took the witness stand and made in the nature of a judicial confession, I would talk to the prosecutor, advise that—whatever deal he may have made—he should review it in light of his testimony, whatever his testimony might have been. I don't know what his testimony would be." Graham was not the prosecutor in Arch's case, and the record is devoid of any evidence of overt coercion.

■ The suppression of material evidence by the state deprives a person accused of a crime of due process of law. Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); Means v. State, Tex. Cr.App., 429 S.W.2d 490. The Sixth Amendment provision, guaranteeing the accused compulsory process for obtaining witnesses, protects the right of an accused to call a co-defendant as a witness. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). However, the right to call a co-defendant does not preclude the co-defendant from asserting his privilege against self-incrimination. Washington v. Texas, supra, at fn. 21; McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

In the instant case, Assistant District Attorney Graham advised Arch that he should confer with his attorney before he testified. That Arch had the right to be advised by counsel before giving a statement which could be adverse to him is not questioned. Nor is there doubt that appellant and appellant's counsel had interests conflicting with Arch's and were not in the best position to protect him. Under the circumstances, we conclude that such conduct of Graham does not call for reversal. Appellant's first ground of error is overruled.

■ By his second ground of error, appellant contends "[t]hat the Court erred during the trial in not allowing, through his claim of surprise to put into evidence the sworn statement of the witness, Sherman Lee Arch, to the effect that he alone committed the crime of which appellant was charged." The contents of this statement are not in the record. Therefore, no error is presented. See, Article 40.09, Sec. 6, Vernon's Ann.C.C.P.

By his remaining grounds of error, appellant complains of the trial court's failure to hear evidence on punishment and failure to inquire *sua sponte* if the appellant wished to change his election, under Article 37.07, V.A.C.C.P., and have the jury assess punishment.

■ Appellant took the stand at the guilt stage of his trial and admitted the prior convictions alleged for enhancement. When the trial court asked appellant if he had any evidence to introduce at the punishment stage of the trial, appellant's attorney stated that "We have no testimony to offer on this." Hence, the record does not support appellant's contention that the trial court did not permit testimony to be offered at the punishment stage of the trial.

■ The constitutional right of trial by jury does not encompass the right to have the jury assess punishment. Martin v. State, Tex.Cr.App., 452 S.W.2d 481. Article 37.07, Sec. 2(b), V.A.C.C.P., provides:

"If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that . . . (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of

the attorney for the state, change his election of one who assesses the punishment."

Appellant made no such election in writing at the time he entered his plea in open court for the jury to assess punishment. Further, the record contains no request to change the election and no consent of the attorney for the state for such change. No error is shown.

Finding no reversible error, the judgment is affirmed.