**Carl Bruce HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42896.**

Court of Criminal Appeals of Texas.

June 28, 1972.

On Rehearing Sept. 25, 1972.

---

5. e. g. Miller v. State, Tex.Cr.App., 472 S.W.2d 269.

6. Ellison v. State, Tex.Cr.App., 432 S.W. 2d 955.

that the "Judgment, insofar as it imposes the death sentence, reversed and case remanded to the Court of Criminal Appeals of Texas for further proceedings." Harris v. Texas, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1972).

Commutation of sentence by the Governor has not been sought or granted in the instant case. See Whan v. State, Tex.Cr.App., 485 S.W.2d 275 (1972).

 This Court is without authority to either pass sentence or reduce the punishment assessed by a jury. Turner v. State, 485 S.W.2d 282 (1972); Ocker v. State, Tex.Cr.App., 477 S.W.2d 288. We cannot remand solely on the issue of punishment where punishment was assessed by the jury. Ellison v. State, Tex.Cr.App., 432 S.W.2d 955.

The United States Supreme Court having found that punishment was erroneously imposed in this cause, its status is the same as if the jury had been unable to agree on a verdict. Turner v. State, supra; Ocker v. State, supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

Will Gray, Houston, C. M. Gregg, G. P. Reddell, Jr., Texas City, for appellant.

Jules Damiani, Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appellant was convicted for the offense of murder. Punishment was assessed at death. This Court affirmed the conviction on September 23, 1970. Harris v. State, 457 S.W.2d 903. The United States Supreme Court granted appellant's petition for certiorari, and on June 28, 1971, ordered

ONION, Presiding Judge (concurring).

On June 28, 1971, the United States Supreme Court ordered:

". . . Judgment, insofar as it imposes the death sentence, reversed and case remanded to the Court of Criminal Appeals of Texas for further proceedings. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); and Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221 (1970). . . ."

See, Harris v. Texas, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971).

In affirming this conviction on original appeal in 457 S.W.2d 903, this court carefully considered all of the authorities cited

by the Supreme Court in disposing of appellant's contention that the mandate of *Witherspoon* was violated in the selection of jurors. Without any hint as to just how this court may have misinterpreted or misapplied these authorities, the death penalty was set aside. Such action, in this writer's opinion, is a waste of judicial time. We are left to speculate how these authorities are to be applied in the future.

I am tempted to urge the court to reaffirm the judgment with the sincere hope that next time the Supreme Court will give us necessary guidelines. Upon consideration of the large number of cases from this and other states wherein the death penalty was set aside by the Supreme Court on the same date without any more enlightenment than given in this cause, I am convinced that a reaffirmance would only delay the possible re-trial of this appellant without any real prospect of achieving the desired result.

Therefore, I concur in the result reached.

## ON STATE'S AMENDED MOTION FOR REHEARING

ODOM, Judge.

On August 9, 1972, the Honorable Preston Smith, Governor of Texas, granted appellant a commutation of sentence from death to life imprisonment.

The imposition of the death penalty is no longer possible. The order of the United States Supreme Court reversing and remanding the judgment "insofar as it imposes the death sentence" is satisfied. See Whan v. State, Tex.Cr.App., 485 S.W.2d 275 (1972).

The State's Amended Motion For Rehearing is granted. The order of reversal is set aside, and the judgment is affirmed.

ONION, P. J., dissents for reasons stated in his dissenting opinion in Whan v. State, supra.