Sherman Lee ARCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 50445.

Court of Criminal Appeals of Texas.

July 16, 1975.

Rehearing Denied Sept. 17, 1975.

Antonio G. Cantu, San Antonio (Court-appointed), for appellant.

Ted Butler, Dist. Atty., Michael Schill, Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for burglary, a violation of V.T.C.A., Penal Code, Sec. 30.02. The court accepted the appellant's plea of guilty and, after hearing the evidence, assessed punishment at imprisonment for eighteen years.

The appellant asserts that his plea of guilty was not voluntary. He says he was coerced to enter a plea of guilty to the primary offense alleged in the indictment to avoid conviction and a greater punishment under the enhancement allegations of the indictment. He also asserts that the trial court erred in failing to inquire of him whether his plea of guilty resulted from coercion because of the allegation of the prior convictions made in the indictment to enhance punishment.

The indictment alleged, in addition to allegations concerning the primary offense, two prior felony convictions to enhance punishment. The State, with the court's consent, waived and abandoned that portion of the indictment relating to prior convictions. The appellant waived trial by jury and entered a plea of guilty to the primary offense. The appellant was admonished by the court of the consequences of his plea in compliance with all the requirements of Article 26.13, Vernon's Ann.C.C.P.

A plea of guilty is not involuntary even though it results from a plea bargain entered into for the purpose of avoiding

punishment enhanced by proof of prior convictions. *Garza v. State*, 502 S.W.2d 155 (Tex.Cr.App.1973). Cf. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), where it was held that a plea of guilty was not involuntary even if entered because of a desire to avoid the possibility of the penalty of death.

■ Neither constitutional nor statutory provisions require that the court inquire of the defendant whether his plea is the result of a plea bargain made to induce the state to waive and abandon enhancement provisions of the indictment.[1]

■ In a supplemental brief the appellant urges that the indictment is fundamentally defective. The pertinent part of the indictment reads as follows:

". . . on or about the 22nd day of May, A.D., 1974, SHERMAN LEE ARCH did then and there, with intent to commit theft, enter a building which was not open to the public, without the effective consent of LOUISE SIEBENALER, the owner; . . ."

V.T.C.A., Penal Code, Sec. 30.02, in pertinent part provides:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; . . ."

We do not find that the omission of the word "then" from the indictment is fatally defective. An allegation that the building "was not open to the public" rather than "was not *then* open to the public" might require different proof. Cf. *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App.1975).

The judgment is affirmed.

Opinion approved by the Court.

---

1. Effective June 19, 1975, Article 26.13, V.A.C.C.P., as amended by S.B. 122, Sec. 3, 64th Leg., R.S., in part provides:

"(a) Prior to accepting a plea of guilty or plea of nolo contendere the court shall admonish the defendant of:

"(1) . . .

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court."