**Charles Edwin BULLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51025.**

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Rehearing Denied March 9, 1977.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Thomas F. Lillard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

In *Bullard v. State*, 533 S.W.2d 812 (Tex. Cr.App.1976), the conviction for felony theft was affirmed. Life imprisonment was assessed as punishment under the provisions of V.T.C.A., Penal Code, § 12.42(d). Although the conviction was affirmed, the cause was remanded for a new penalty hearing since one of the two prior convictions alleged for enhancement was not properly proven though utilized by the trial court in assessing punishment.

This appeal then is taken from the new penalty hearing ordered by this court where the trial court found the allegations in the indictment as to the prior convictions to be "true" and again assessed life imprisonment as punishment.

At the outset we shall consider appellant's contention that the trial court erred in denying appellant a jury trial at the new penalty hearing following remand.

Prior to such penalty hearing the appellant filed a motion requesting the withdrawal of his election under Article 37.07, Vernon's Ann.C.C.P., to have the judge assess punishment made at the original trial and requested the same jury at the guilt stage of the trial be empaneled to pass on punishment, or in alternative, that a new jury be empaneled for the purpose of the penalty hearing. The motion was overruled.

Appellant contends there were fact issues to be determined—that is, the truth of the allegations as to the prior convictions alleged for the enhancement of punishment, and under the constitutional and statutory provisions of this State he was entitled to a jury trial following the remand. He acknowledges that Article 37.07, supra, provides for a bifurcated trial procedure, but

questions its validity in light of State constitutional provisions.

Article I, § 15, of the Texas Constitution provides in part:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. . . . "

Article 1.12, Vernon's Ann.C.C.P., also provides that the right of trial by jury shall remain inviolate.

Article V, § 10, of the Texas Constitution provides:

"In the trial of *all causes* in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature." (Emphasis supplied.)[1]

The foregoing State constitutional provisions have been held to only guarantee a trial by jury where one was provided for by common law or by a statute in effect when the Constitution was adopted in 1876. See *Ex parte Garner,* 93 Tex.Cr.R. 179, 246 S.W. 371 (1922); *White v. White,* 108 Tex. 570, 196 S.W. 508 (1917); *Johnson v. State,* 267 S.W. 1057 (Tex.Civ.App.1924), err. ref.; *Walsh v. Spencer,* 275 S.W.2d 220 (Tex.Civ. App.1955), reh. den.; *Hickman v. Smith,* 238 S.W.2d 838 (Tex.Civ.App.1951), err. ref.; *Huguley v. Board of Adjustment of City of Dallas,* 341 S.W.2d 212 (Tex.Civ.App.1960), reh. den.; *Welch v. Welch,* 369 S.W.2d 434 (Tex.Civ.App.1963); *Hatten v. City of Houston,* 373 S.W.2d 525 (Tex.Civ.App. 1963), ref. n. r. e.; *Swinford v. Logue,* 313 S.W.2d 547 (Tex.Civ.App.1958); *Smallwood v. Swarner,* 510 S.W.2d 156 (Tex.Civ.App. 1974), ref. n. r. e.; 35 Tex.Jur.2d, § 18, p. 53. See also 47 Am.Jur.2d, Jury, § 17, p. 639.

It has long been consistently held that the right to have the jury assess punishment was not part of the right to trial by jury at common law. *Ex parte Marshall,* 72 Tex.Cr.R. 83, 161 S.W. 112 (1913); *Fogg v. Com.,* 215 Va. 164, 207 S.E.2d 847, 849 (1974); *Hunter v. State,* 496 S.W.2d 900 (Tenn.1972); *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900 (1944); *State v. Morton,* 338 S.W.2d 858 (Mo.1960); *State v. Hamey,* 168 Mo. 167, 67 S.W. 620 (1902); *Woods v. State,* 130 Tenn. 100, 169 S.W. 558 (1914); *Lee v. Buchanan,* 264 S.W.2d 661 (Ky.1954); *Ward v. Hurst,* 300 Ky. 464, 189 S.W.2d 594 (1945); 47 Am.Jur.2d, Jury, § 50, p. 667.

■ It is clear that a defendant in a criminal case in Texas is not entitled to have a jury assess punishment because of any common law right derived through the Constitution of 1876.

The statute in effect at the time of the adoption of such Constitution relating to the assessment of punishment by a jury reads as follows (Article 626, C.C.P., 1859):

"The verdict in every criminal action, must be general; when there are special pleas upon which the jury are to find, they must say in their verdict that the matters alledged (sic) in such pleas are either true or untrue; where the plea is not guilty, they must find that the defendant is either 'guilty' or 'not guilty;' and in addition thereto they shall assess the punishment in all cases where the same is not absolutely fixed by law, to some particular penalty."

In 1876 there existed a unitary trial in criminal cases where the jury in its deliberations first passed on the issue of guilt or innocence, and if the accused was found guilty the jury then assessed punishment. Such unitary type jury trials continued in Texas until the effective date of the 1965 Code of Criminal Procedure (January 1, 1966), which included Article 37.07, Vernon's Ann.C.C.P. Such latter statute pro-

---

1. The term "cause" has been defined as including any question, civil or criminal. *Tolle v. Tolle,* 101 Tex. 33, 104 S.W. 1049, 1050 (1907);

*Walsh v. Spencer,* 275 S.W.2d 220, 223 (Tex. Civ.App.1955).

vided for the first time a bifurcated trial in criminal cases in Texas.

The question remaining is whether the statute in effect at the time of the adoption of the 1876 Constitution preserved the right to have the jury assess punishment in a criminal case.

In 47 Am.Jur.2d, Jury, § 50, p. 667, it is written:

"The constitutional right of trial by jury does not encompass the right to have the jury assess the punishment. The right is limited to the question of guilt or innocence, and does not extend to the determination of the term of imprisonment or punishment. This follows, since it was no essential part of a jury trial at common law that the jury should also fix the punishment if they convicted an accused.

"The adoption of a new Constitution preserving the right of trial by jury 'as heretofore enjoyed' has been construed not to include the right, which has existed by statute for many years, of having the jury assess the punishment in criminal cases whenever there is an alternative or discretion in regard to it. . . ." [2]

In re Moynihan, 332 Mo. 1022, 62 S.W.2d 410, 91 A.L.R. 74 (1933), held that a constitutional provision that the right of trial by jury "as heretofore enjoyed" shall remain inviolate is to be construed as preserving the right to jury trial as that right came from the common law and from the territorial statutes, in exactly the same status as was guaranteed under the preceding constitutions, with the observation that it was not the particular statutory method of procedure in force at the time of the adoption of the present constitution that is guaranteed.

This is better explained in 47 Am.Jur.2d, Jury, § 18, p. 640, where it is pointed out that, generally speaking, the object of the constitutional provisions guaranteeing the right of trial by jury is to preserve the substance of the right rather than to prescribe the details of the methods by which it shall be exercised and enjoyed, and is not so inelastic as to render unchangeable every characteristic and detail of the common law system or statutory scheme in existence at the time of the adoption of the Constitution. The preservation of the right to trial by jury does not require that the old forms of practice and procedure be retained. "So long as the substance of the right to jury trial is maintained, the procedure by which this result is reached is wholly within the discretion of the legislature . . . ."

Long prior to the adoption of the bifurcated trial procedure in criminal cases (Article 37.07, supra), this court held that Article I, § 15, of the Texas Constitution did not preclude the Legislature from providing that the jury shall only pass on the question of guilt or innocence and that punishment shall be assessed by the court. See *Ex parte Marshall*, 72 Tex.Cr.R. 83, 161 S.W. 112 (1913).

Although the procedure in Article 37.07, supra, differs from that in 1876, we must determine if the substance of the right to trial by jury has been maintained.

Article 37.07, § 2, Vernon's Ann.C.C.P., as amended, in effect at the time of appellant's trial, provides:

"Sec. 2. (a) In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed. "(b) Except as provided in Article 37.071 (Capital Murder), if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time

---

2. See *State v. Hamey*, supra.

he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

"(c) Punishment shall be assessed on each count on which a finding of guilty has been returned."

■ Under this statutory scheme there must nearly always be a jury at the penalty stage of every capital murder case. See Article 37.071, Vernon's Ann.C.C.P. It is a right that cannot be waived. See Article 1.14, Vernon's Ann.C.C.P.; *Houston v. State,* 162 Tex.Cr.R. 551, 287 S.W.2d 643 (1956), cert. den. 351 U.S. 975, 76 S.Ct. 1042, 100 L.Ed. 1492 (1956). Further, in non-capital cases if the defendant files a motion requesting the jury to give him probation or if he elects in writing as provided by statute to have the jury pass on the issue of punishment, then a jury will determine the penalty to be assessed. Thus, it is only in non-capital cases where the defendant has not elected to have the jury assess punishment or has not filed the described motion for probation that the trial judge assesses punishment.

■ By virtue of § 3(c) of Article 37.-07, supra,[3] it is true that where the jury is selected to assess punishment and fails to agree on penalty, a mistrial shall be declared as to the entire case. *Galloway v. State,* 420 S.W.2d 721 (Tex.Cr.App.1967);[4] *Longs v. State,* 429 S.W.2d 157 (Tex.Cr.App. 1968); *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App.1969). And if on appeal it is determined that reversible error occurred at the hearing on punishment before a jury, the Court of Criminal Appeals is without authority to direct a new trial or penalty hearing before a different jury on the issue of punishment alone. *Ellison v. State,* 432

·S.W.2d 955 (Tex.Cr.App.1968); *Ex parte Bryan,* 434 S.W.2d 123 (Tex.Cr.App.1968); *Brumfield v. State, supra; Grider v. State,* 468 S.W.2d 393 (Tex.Cr.App.1971); *Turner v. State,* 485 S.W.2d 282 (Tex.Cr.App.1972); *Harris v. State,* 485 S.W.2d 284 (Tex.Cr. App.1972); *Ex parte Olvera,* 489 S.W.2d 586 (Tex.Cr.App.1973); *Acosta v. State,* 522 S.W.2d 528 (Tex.Cr.App.1975). This is so as explained in *Ellison* because under Article 37.07, § 3(c), supra, the verdict of the jury is not complete until a verdict upon both guilt and punishment has been returned, and a mistrial is to be declared if the jury fails to agree. See also Articles 44.24 and 44.29, Vernon's Ann.C.C.P.

■ If, however, under our bifurcated trial system a reversible error occurs at the penalty hearing before the trial judge alone, the case on appeal may be remanded to the trial court for the proper assessment of punishment. See *Johnson v. State,* 436 S.W.2d 906 (Tex.Cr.App.1968); *Baker v. State,* 437 S.W.2d 825 (Tex.Cr.App.1969); *Wheat v. State,* 442 S.W.2d 363, 368 (Tex. Cr.App.1969); *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969) (Concurring Opinion); *Brumfield v. State,* 445 S.W.2d 732, 740 (Tex.Cr.App.1969); *Bradley v. State,* 456 S.W.2d 923 (Tex.Cr.App.1970); *Marrero v. State,* 500 S.W.2d 818 (Tex.Cr.App.1973); *Ex parte Hill,* 528 S.W.2d 125 (Tex.Cr.App. 1975); *Hogan v. State,* 529 S.W.2d 515 (Tex. Cr.App.1975).

And since the enactment of Article 37.07, supra, providing for the above described bifurcated trial system, it has been held that the statute is within the province of the Legislature under Article I, § 15, of the State Constitution providing that the right to jury trial shall remain inviolate but further granting to the Legislature the power to regulate trial by jury. *Ashworth v. State,* 418 S.W.2d 668 (Tex.Cr.App.1967);

---

**3.** Said Section 3(c) reads:

"(c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In

the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach."

**4.** Cf. *Galloway v. Beto,* 296 F.Supp. 230 (D.C. 1969), affirmed 5 Cir., 421 F.2d 284, cert. den., 400 U.S. 912, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

*Green v. State,* 433 S.W.2d 435 (Tex.Cr.App. 1968). See also *Ojeda v. State,* 428 S.W.2d 811 (Tex.Cr.App.1968).

And since the enactment of Article 37.07, Vernon's Ann.C.C.P., this court has frequently held that the constitutional right of trial by jury does not encompass the right to have the jury assess punishment. *Jones v. State,* 416 S.W.2d 412 (Tex.Cr.App.1967); *Johnson v. State,* 436 S.W.2d 906 (Tex.Cr. App.1968); *Martin v. State,* 452 S.W.2d 481 (Tex.Cr.App.1970); *Green v. State,* 474 S.W.2d 212 (Tex.Cr.App.1971); *Hall v. State,* 475 S.W.2d 778 (Tex.Cr.App.1972); *Emerson v. State,* 476 S.W.2d 686 (Tex.Cr. App.1972); *Johnson v. State,* 492 S.W.2d 505 (Tex.Cr.App.1973); *Hill v. State,* 493 S.W.2d 847 (Tex.Cr.App.1973); *Jones v. State,* 502 S.W.2d 771 (Tex.Cr.App.1973); *Ex parte Giles,* 502 S.W.2d 774 (Tex.Cr.App. 1973). See also *Williams v. Jones,* 338 S.W.2d 693 (Ky.1960), cert. den. 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811 (1961); 50 C.J.S. Juries § 78, p. 784.

■ We cannot conclude that Article 37.-07, supra, infringes upon the substance of the right of trial by jury as protected by the State Constitution.

■ Although not raised by appellant, would the federal Constitution compel a different result? It is true that the right to trial by jury guaranteed defendants in criminal cases in federal court by Article III of the United States Constitution and by the Sixth Amendment is also guaranteed by the Fourteenth Amendment to the defendants tried in State courts. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *De Stefano v. Woods,* 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968). See also *Frank v. United States,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969); *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); *Codispoti v. Pennsylvania,* 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). It has been held that where the State is permitted to exact a punishment against an accused in excess of six months, a defendant must be accorded a jury trial.

*Duncan v. Louisiana,* supra. Nothing in these cases holds that by virtue of such requirement an accused is entitled as a matter of constitutional right to have a jury assess punishment after a finding of guilt.

It is observed that a State defendant is given no greater right to trial by jury than a federal defendant because of the application of the Sixth Amendment to the states by virtue of the Fourteenth Amendment. It is well established that federal constitutional right to trial by jury was to preserve the right to trial by jury as known at common law. See 47 Am.Jur.2d, Jury, § 17, p. 639. As earlier noted, there was no right at common law to have a jury assess punishment. In *James v. Twomey,* 466 F.2d 718 (7th Cir. 1972), it was held that a State defendant in a criminal case has no federally guaranteed right to have a jury assess punishment. See also *Payne v. Nash,* 327 F.2d 197 (8th Cir. 1964); *Parrish v. Beto,* 414 F.2d 770 (5th Cir. 1969), cert. den. 396 U.S. 1026, 90 S.Ct. 606, 24 L.Ed.2d 522 (1970).

In *Fogg v. Com.,* 215 Va. 164, 207 S.E.2d 847 (1974), the Virginia Supreme Court wrote:

"Under federal law the court, and not the jury, fixes punishment. There is nothing in the Constitution of the United States which gives the defendant the right to have his punishment fixed by a jury. *Williams v. People of State of New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Fed.R.Crim.P. 32, 18 U.S.C. 4506."

In *Ex parte Marshall,* 72 Tex.Cr.R. 83, 85, 161 S.W. 112, 113 (1913), this court wrote:

"The right of trial by jury was a right guaranteed to our English ancestors and brought with them to this country, and when we were declared a free and independent people, the right was incorporated in our Constitution, and without a change in the Constitution this right cannot be taken away nor abridged by legislative act. But we do not think the fixing of the penalty by a jury is either implied or guaranteed by the Constitu-

tion. It was not so considered by our English ancestors, for, when the right to be tried by a jury was accorded to them, the jury was only called on and permitted to try the guilt or innocence of the accused, and the judge assessed the penalty. This was so during our colonial days, and when this right to be tried by jury was placed in the federal Constitution in 1776, down to the present time, it has never been construed to embrace the right to have the jury assess the punishment. In our federal courts, operating under this Constitution, to this day, the jury passes simply on the guilt or innocence of the accused, and, if found guilty, the judge assesses the penalty, and this is the rule in many states of this Union . . .."

It is clear that the federal Constitution does not give the appellant the right to have a jury in a State court assess punishment. Thus, we uphold the validity of Article 37.07, supra, in light of both State and federal Constitutions.

■ While there were indeed fact questions to be determined at the new penalty hearing, we do not conclude that the constitutional provisions would call for a jury to determine such questions as the questions related to the penalty to be assessed and were properly for the trial court, who was to assess punishment.

■ We examine another reason why we do not conclude appellant was entitled to a jury trial upon remand. At the original trial appellant did not seek to bring himself within the provisions of Article 37.07, supra, which would have entitled him to a jury at the penalty stage of the trial. In fact, he filed a written motion, personally signed by him and his counsel, expressly requesting that the trial judge assess punishment in the event a verdict of guilty was returned by the jury at the guilt stage of the trial. It has been held that permitting the waiver of trial by jury in criminal cases is not violative of the constitutional right of trial by jury and a statute permitting such waiver is valid. *McMillan v. State,* 122 Tex. Cr.R. 583, 57 S.W.2d 125 (1933); *Dabney v. State,* 124 Tex.Cr.R. 21, 60 S.W.2d 451

(1933); *Ex parte Padgett,* 161 Tex.Cr.R. 498, 278 S.W.2d 865 (1955); *Short v. State,* 511 S.W.2d 288 (Tex.Cr.App.1974), cert. den. 420 U.S. 930, 95 S.Ct. 1132, 43 L.Ed.2d 402 (1975). See and cf. Article 1.13, Vernon's Ann.C.C.P. See also 50 C.J.S. Juries § 86, p. 792, 47 Am.Jur.2d, Jury, § 61, p. 346. And in *Ex parte Ross,* 522 S.W.2d 214, 222 (Tex.Cr.App.1975), it was pointed out there exists no federal constitutional provision which prohibits an accused from knowingly and intelligently waiving his right to trial by jury in a felony prosecution. See *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Adams v. United States,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

A question remains, however. Is the appellant bound by his waiver of a jury at the penalty stage of the original trial upon remand for another penalty hearing?

The waiver of a jury on one trial generally does not affect the right of either of the parties to demand a jury on the second trial, and this is particularly true where the entire case has been reversed on appeal. 50 C.J.S. Juries § 111, p. 824; 47 Am.Jur.2d, Jury, § 66, p. 683; *Harding v. Harding,* 485 S.W.2d 297, 299 (Tex.Civ.App.1972), and cases there cited. See also "The Effect of a Waiver to the Right to Trial by Jury on a Subsequent Trial," 9 S.W. Law Journal 133 (1955).

The minority view is to the effect that once a party has waived a right to a jury trial he cannot retract such after reversal of the trial court by the appellate court as the waiver remains good for the life of the litigation. *Laventhall v. Fireman's Ins. Co. of Newark,* 266 App.Div. 756, 41 N.Y.S.2d 302 (1943).

It appears that the majority rule discussed above has long been used in criminal cases in Texas where there has been a reversal of the entire case. There are cases, however, which indicate that the rule is otherwise as to partial remands.

In *Spaulding v. Cameron,* 127 Cal.App.2d 698, 274 P.2d 177 (1954), it was observed that if the Supreme Court had reversed the

entire case then the parties would have stood as if no trial had taken place and they would not be bound on a subsequent trial by a prior waiver of jury. However, it was held that where, on remand, the trial court's only duty was to determine type and amount of damages which should have been determined originally the defendant would be bound by a prior waiver of jury at the original trial.

*Park v. Mighell,* 7 Wash. 304, 35 P. 63 (1893), held a party waiving jury trial at the first trial cannot demand a jury at a subsequent trial when the judgment on the report had been reversed for failure of the referee to state items disallowed, and the case was re-referred for that purpose only.

In *Raleigh Banking and Trust Co. v. Safety Transit Lines, Inc.,* 200 N.C. 415, 157 S.E. 62 (1931), the court said:

> "The hearing by Judge Daniels was for the purpose of finding additional facts, in accordance with the direction of this court. The waiver of a jury trial at the first hearing continued in force until the final determination of all matters involved in the proceeding."

In 47 Am.Jur.2d, Jury, § 66, p. 684, it is written:

> " . . . A waiver of the right to jury trial has been operative with respect to the remanding of a case for the finding of additional facts or for a limited purpose, and express statutory provisions have sometimes affected the question. In cases in which a cause has been remanded to the trial court for further proceedings not amounting to a complete trial de novo, it has been held that the trial court properly denied a trial by jury on such limited retrial to a party who had waived a jury on the first trial."

After much concern and deliberation, we hold that for the purpose of the limited remand in the case for an error committed at the penalty stage before the judge the appellant is bound by his waiver of a jury on the issue of punishment made at the original trial.

We recognized that this is contrary to the holding in *Harding v. Harding,* supra, which, in an apparent case of first impression, held the appellant in a divorce suit was entitled to a trial by jury upon partial remand as to attorney fees only. In light of the fact that neither the State nor federal Constitution gives an accused the right to have a jury on the issue of punishment, the provisions of Article 37.07, supra, and the original waiver of jury as to punishment, we reach the opposite conclusion. We have already noted that because of the provisions of Article 37.07, supra, there cannot be one jury at the guilt stage and another at the penalty stage. See *Acosta v. State,* 522 S.W.2d 528 (Tex.Cr.App.1975). Therefore, appellant's request upon remand to have a new jury empaneled for the penalty stage only was not permissible. The only recourse to the conclusion we have reached would be that although the jury verdict was complete at the guilt stage of the trial and the only error occurred at the penalty stage before the court alone, an entirely new trial as to guilt or innocence and punishment, if any, must be accorded the appellant. There would be no reason to duplicate that which has already been tried without error.

 Appellant also contends that his prior convictions were void and should not have been used for enhancement since the guilty pleas entered in those cases were involuntary. The appellant testified that he pled guilty to the prior offense of burglary because he had been indicted under the habitual criminal statute and pleaded to the primary offense alone upon his lawyer's advice and to avoid the greater punishment. He received six years' confinement as punishment. He also related he pled guilty upon counsel's advice to the other prior offense in order to avoid prosecution as a repeater. He received two years' confinement as punishment. Such testimony reflects a voluntary and intelligent choice between the alternatives confronted by the appellant and he acted upon his counsel's advice. Such action was not violative of any constitutional safeguard or right. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Arch v.*

*State,* 526 S.W.2d 817 (Tex.Cr.App.1975); *Garza v. State,* 502 S.W.2d 155 (Tex.Cr.App. 1973). Furthermore, while his testimony was uncontradicted, it was not corroborated and could have only raised a fact issue and such was resolved against him. *Washington v. State,* 434 S.W.2d 138 (Tex.Cr. App.1968). This is particularly true where the testimony is as to an accused's mental processes. Appellant's claim he was denied effective assistance of counsel since counsel advised him to plead guilty in the prior cases is without merit. See *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) [Not necessary that advice be free from error.]; *Stutes v. State,* 530 S.W.2d 309 (Tex.Cr.App.1975); *Rockwood v. State,* 524 S.W.2d 292 (Tex.Cr.App. 1975); *Curtis v. State,* 500 S.W.2d 478 (Tex. Cr.App.1973). It appears that counsel's advice was sound advice in both cases under the circumstances and the penalties assessed.

▮ Appellant also challenges the sufficiency of the evidence to prove the prior convictions as alleged in the indictment. Appellant took the stand and admitted he was the same person who was previously convicted as alleged. The State also offered the testimony of deputy sheriff Cron, a fingerprint expert. He related prints of the appellant he had taken that day matched with sets of fingerprints on file in the Dallas County sheriff's office in connection with the cause numbers relating to the prior convictions alleged. We deem the evidence sufficient.

▮ If appellant's contention as to a jury trial on penalty had been upheld and the cause again remanded for still another penalty hearing, the appellant's testimony that he was the same person so previously convicted could be used against him at the new hearing. See *Richardson v. State,* 458 S.W.2d 665 (Tex.Cr.App.1970); *Boothe v. State,* 474 S.W.2d 219 (Tex.Cr.App.1971); *Garcia v. State,* 522 S.W.2d 203 (Tex.Cr. App.1975); *Jones v. State,* 532 S.W.2d 596 (Tex.Cr.App.1976).

▮ Appellant also contends that his constitutional rights were violated when his fingerprints were taken the day of the trial. He acknowledges the case law is against his position. He is correct. See, e. g., *Byrd v. State,* 495 S.W.2d 226 (Tex.Cr.App.1973); *Ballard v. State,* 487 S.W.2d 724 (Tex.Cr. App.1972); *Schoier v. State,* 480 S.W.2d 657 (Tex.Cr.App.1972); *Villareal v. State,* 468 S.W.2d 837 (Tex.Cr.App.1971); *Gage v. State,* 387 S.W.2d 679 (Tex.Cr.App.1964).

▮ Appellant also asserts that the sets of fingerprints from the sheriff's office were improperly admitted into evidence since they were not properly proven to be business records. He contends that there was no evidence to prove the person who made such entries had personal knowledge of the contents as required by Article 3737e, Vernon's Ann.C.S. We conclude that *Jones v. State,* 500 S.W.2d 661 (Tex.Cr.App.1973), is dispositive of appellant's contention. We observe further that this was not the objection made when the prints were offered into evidence and presents nothing for review. As earlier observed, appellant also admitted he had been previously convicted as alleged.

Finding no reversible error, the judgment is affirmed.

PHILLIPS, Judge, dissenting.

I dissent to the majority's disposition of the issue of whether a defendant is entitled to a trial by jury when demanded by him upon a reversal and remand for trial on the two issues of fact determinative of the range of punishment, (1) whether the first allegation in the indictment of a prior felony conviction of defendant was true, and (2) whether the second allegation in the indictment of a prior felony conviction of defendant was true.

The finding of true or false as to whether a defendant has been convicted of a prior felony as alleged by the indictment clearly requires a determination of *an issue of fact,* upon which hinges the *range of punishment* within which a defendant's punishment may be assessed. If under statutory law the State is specifically and expressly per-

mitted to exact a punishment against a defendant that is serious and not petty, that is, in excess of six months, then the Sixth Amendment to the Constitution of the United States which is applied to State action through the Fourteenth Amendment requires that the defendant be accorded the right of jury trial *on issues of fact. Duncan v. State of Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; *Frank v. U. S.,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162; *Dyke v. Taylor, etc.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538; *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897; *Codispoti v. Pennsylvania,* 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912. Also, Article 1, Sec. 15 of the Texas Constitution and Article 1.12, V.A.C.C.P., provide that the right of trial by jury shall remain inviolate. A demand for a jury trial raises said fundamental constitutional right even though the Constitution is not expressly stated as the basis for said demand. By virtue of said mandates of the Federal Constitution and Article 1, Sec. 15 of the Texas Constitution, upon remand by reason of the insufficiency of competent evidence to support *a finding of truth* as to the allegation of a prior conviction for enhancement purposes, the appellant should be entitled to a trial by jury on said new trial of said *issues of fact.* The Legislature has also evidenced its intent that in any criminal trial of an issue of fact it must be submitted to a jury unless waived.

Article 36.13 V.A.C.C.P. provides:

"Unless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby.

Article 38.04 V.A.C.C.P. provides:

"The jury, in all cases, is the exclusive judge of the facts proved, and the weight to be given to the testimony . . . ."

Article 38.23, V.A.C.C.P. provides:

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

The majority opinion admits "there were indeed fact questions to be determined at the new penalty hearing", but concludes that the defendant was not entitled to a jury decision thereon because they *"related to the penalty to be assessed"*. Do not the questions of fact as to whether a defendant is guilty of the offense alleged or a lesser included offense, whether the value of stolen property is over $200.00, and whether a murder committed prior to the new Code was actuated by malice aforethought, *relate to the penalty to be assessed?* For such reason, would the majority hold that a defendant is not constitutionally entitled to trial by jury on said fact issues? This Court has held that said issues of fact as to value and malice are properly submitted to the trier of fact at the trial on punishment. *Ruiz v. State,* Tex.Cr.App., 523 S.W.2d 691. But it should be obvious to all that even had the Legislature specifically provided that such issues of fact should be submitted at the trial on punishment, such would not and could not diminish a defendant's right to jury trial on such issues of fact. Where value in excess of a certain figure is not an element of the crime, but a fact issue only to *fix the range of punishment,* it has been specifically held that the Sixth and Fourteenth Amendments entitle a defendant to have the fact determined by the jury rather than the sentencing judge. *U. S. v. Kramer,* 2 Cir., 289 F.2d 909.

The crossroads where my brethren and I have parted in our path of reasoning is that they make no distinction between (1) a question of fact that *fixes* the *range of punishment* within which punishment may be assessed, and (2) the discretionary *assessment of punishment* within that range. The right of trial by jury is an absolute Federal and State Constitutional right as to the first but not as to the second. My brethren's failure to draw said distinction is apparent from their focusing on and repeatedly stating the issue herein to be whether there is a constitutional right to have a jury *assess punishment.* That such

constitutional right does not exist is evident from all decisions and the function for two hundred years of the Federal Judiciary system. *James v. Twomey,* 7 Cir., 466 F.2d 718; *Parrish v. Beto,* 5 Cir., 414 F.2d 770. *But such is simply not the question here.*

My brethren next assert that the defendant irrevocably waived any right he may have had to a jury trial of said issues of fact by electing at the beginning of the prior trial to have the court assess his punishment. When a defendant elects, prior to impanelment of his jury at his initial trial, to submit the question of punishment to the court, he does so faced with circumstances and conditions which might be altogether different from that facing him upon retrial of the issue of fact as to the truth or falsity of enhancement allegations. For example, he may have initially waived a jury on said issue of fact by reason of the composition of the jury panel he faced that particular morning, or a witness whom he deemed effective before the jury but not before the court might have been unavailable at that time but available at his later retrial on said issue. There is a strong presumption against the waiver of a constitutional right and to be effective it must be knowledgeable, affirmative and clear. *Austin v. Erickson,* 8 Cir., 477 F.2d 620; *U. S. v. David,* 167 U.S.App.D.C. 117, 511 F.2d 355; *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Sullins v. U. S.,* 10 Cir., 389 F.2d 985. The recent decision of *U. S. v. Lee,* 6 Cir., 539 F.2d 606 (1976) specifically answers the theory of some implied, but actually imaginary, waiver that is advanced by the majority opinion, as is shown by the following extracts from said decision:

". . . Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.

The general rule to be applied where a judgment of a trial court is reversed after a bench trial was stated in *Burnham v. N. Chicago St. Ry. Co.,* 88 F. 627, 629–630 (7th Cir. 1898):

2. The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. *There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer. The right of trial by jury in cases at law, whether in a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guaranteed by the United States constitution. A stipulation for the waiver of such right should therefore be strictly construed in favor of the preservation of the right.*

The rule and the reason for it are fairly laid down by the supreme court of Alabama in *Cross v. State,* 78 Ala. 430, as follows:

. . . 'All we decide is that the agreement to waive the right of trial by jury must ordinarily be construed to apply only to the particular trial at which it is made. *Such a waiver is a renunciation of a valuable constitutional right, and must be strictly construed. It may well be supposed that a defendant would be perfectly willing for a particular judge to try him, when he would not risk his successor, or that he would be willing to be tried the first time by a judge, when he would not submit to a second trial by the same judge after such officer had convicted him one or more times, so that the judicial mind might not afterwards be perfectly free from the influence of a bias created by the circumstances of such previous conviction. This would be sufficient ground for the challenge of a juror, and ought not to be considered as waived in the case of a judge,—at least on doubtful implication.'*

█ . . . As the *Burnham* court noted, the right to a jury trial is a fundamental right, and a waiver should not be presumed . . . even though a defendant has consented once to a bench trial, he could reasonably be expected to

object to retrial without a jury before the same judge who had previously convicted him of the same offense . . . Nevertheless, Lee was not permitted to withdraw his consent in order to have the issue of his knowledge tried before an impartial jury in the district court . . ' "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights,' and that they require a showing of 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)."

Any argument that appellant waived said right when he failed to demand same as required by Art. 37.07, V.A.C.C.P., prior to the initial trial of innocence or guilt of the primary offense, fails to properly evaluate the fact that the procedure argued for would mandatorily require this appellant to accept as the trier of fact for the retrial of an issue of fact one who has already determined said issue adversely to the appellant. It would amount to the same obvious judicial impropriety, to say the least, as requiring a defendant, upon reversal of his conviction for insufficient evidence, to retry the issues of fact involved before the same jury that had already decided said issue of fact against him, though on insufficient evidence, or to hold that a defendant who waived a jury for trial of the issue of innocence or guilt could not demand a jury if his conviction by the court was reversed and remanded for a new trial.

My brethren further state that Article 37.07 V.A.C.C.P. prohibits one jury at the guilt stage of the bifurcated trial and another at the penalty stage. Said statute simply does not so provide, and if it were so construed it would be unconstitutional. Said Article merely provides that "in cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty". Therefore, it is obviously intended by the Legislature that where the matter of punishment is *not referred to the jury* a verdict rendered on the issue of guilt or innocence shall be a complete verdict. By reason of the fact that the finding of guilt or innocence at the prior trial was a complete verdict, appellant is not entitled to a new trial as to his innocence or guilt of the primary offense. Article 37.07, V.A.C.C.P. also provides that the judge shall *assess* the punishment in every criminal action. It then goes further and provides that upon affirmative performance of a special condition by the defendant, the filing of an election in writing at the time he enters his plea in open court, the defendant *may* have the jury *assess* his punishment. Said statute is silent as to trial of *issues of fact that fix the range of punishment.* As heretofore stated, *assessment* of punishment by a jury is not a constitutional right, but is a statutory right to be acquired only through an affirmative act by the defendant. Such right to jury *assessment* of punishment is not a right that must be almost conclusively shown to have been knowingly and intentionally waived, as is the constitutional right to trial by jury on *issues of fact,* but is a right that does not exist unless and until the defendant affirmatively performs a required act at a prescribed time. These are the reasons I conclude that the appellant has not waived his constitutional right to trial by jury on the *issues of fact that fix the range of punishment* within which the assessor of punishment may act, but that the appellant could not upon remand in this instance complain of the *assessment* of his punishment by the court.

Lastly, my brethren point out that appellant, after denial of his right to a jury trial as to the truth of the allegations of valid prior convictions, took the stand before the judge and admitted that he was the person convicted in the alleged cause numbers, and that since such admission would be admissible at any future trial of said fact issues, to grant him the right of jury trial thereon would avail him nothing. The truth of said allegations of valid prior convictions of a defendant can depend on many issues of fact other than merely identifying the de-

fendant on trial as the defendant in said prior convictions. For instance, issues of fact on directly controverted testimony may exist as to whether the defendant had any counsel at the trial of a remote prior conviction, as to whether his attorney misrepresented the effect of his plea, whether said prior plea was induced by fraud, whether any jury waiver was in fact executed, whether any admonishment as to the range of punishment was actually given and a myriad of other factual questions that would turn solely on the credibility of the witnesses. Furthermore, as to so fundamental a right as trial by jury on an issue of fact, harmless error tests are not applicable. *U. S. v. Goodwin,* 6 Cir., 531 F.2d 347.

I cannot concede to the excepting out from the protection of the cherished right of jury trial even one single issue of fact. For, if it is only one today, it will be two or more tomorrow until said sacred right is finally whittled away. It is for these reasons that I am compelled to respectfully dissent from the considered views of my brethren.

ROBERTS, Judge, joins.